+                 IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | CRIMINAL NO. 19-636 |
| **DESHAUN DAVIS, (1)**<br>**DWAYNE BUTLER, (2)**<br>**TYLEEL SCOTT-HARPER, (3)**<br>**ISIAH JENIFER, (6)**<br>**FREDERICK ROCHESTER, (7)**<br>**JAMEL COVINGTON, (8)**<br>**JOHVON COVINGTON (9)** | :<br><br>:<br>:<br><br>: | |

### GOVERNMENT'S MOTION TO ADMIT OPINION TESTIMONY ABOUT WHO IS SPEAKING ON INTERCEPTED PHONE CALLS

      The United States of America, by its attorneys, Jennifer Arbittier Williams, Acting United States Attorney for the Eastern District of Pennsylvania, Meaghan A. Flannery and Matthew T. Newcomer, Assistant United States Attorneys for the district, hereby moves this Court, pursuant to Fed.R.Evid. 901(b)(5), to admit opinion testimony about who is speaking on phone calls that were intercepted on Target Telephones 1, 2 and 3. This motion supplements the government's *Starks* motion, which seeks the admission of recordings, by permitting government witnesses to identify who is speaking on the phone during intercepted calls. The government submits the following in support of this motion:

      1.      On October 13, 2019, a federal grand jury in the Eastern District of Pennsylvania returned a 68-count indictment charging thirteen defendants with a variety of crimes related to the 3rd Bone Drug Trafficking Organization. The group operated in the western portion of the city of Chester and was involved in narcotics distribution and several gang-related shootings and homicides. Each defendant is charged with conspiring to distribute cocaine base "crack,"

cocaine, fentanyl, and heroin in violation of 21 U.S.C. § 846. The indictment identifies 194 overt acts that were part of this alleged conspiracy, which began in or about May 2016 and ended in or about September 2019. Each defendant is also charged with a number of substantive drug and firearm offenses including distribution and possession with intent to distribute in violation of 21 U.S.C. § 841(a)(1), use of a communication facility in furtherance of a drug felony in violation of 21 U.S.C. § 843(b), possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c), and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).

2.      The criminal charges are the result of a long-term investigation conducted by the Federal Bureau of Investigation (FBI), Drug Enforcement Agency (DEA), and the Chester Police Department (CPD). During the investigation, the FBI obtained authorization for wiretaps on three cellular telephones (hereinafter "Target Telephones 1, 2 and 3"). Target Telephones 1 and 2 were owned and operated principally by defendant Butler, and Target Telephone 3 belonged to defendant Davis. The FBI intercepted over 2,500 pertinent calls on Target Telephones 1, 2, and 3 during September, October, November, and December of 2018. The government submits that defendants Deshaun Davis, Dwayne Butler, Tyleel Scott-Harper, and Jamel Covington[1] were intercepted on Target Telephone 1, Target Telephone 2, and/or Target Telephone 3.

3.      At trial, the government will seek to introduce phone calls against these defendants to prove the charges against them.

4.      Federal Rule of Evidence 901(a) states that to "satisfy the requirement of authentication or identifying an item of evidence, the proponent must produce evidence

---

[1] Defendants, Isiah Jenifer and Frederick Rochester were also intercepted over the target telephones, but these communications were limited to text messages. Therefore, opinion testimony is not necessary to identify these speakers.

sufficient to support a finding that the item is what the proponent claims it to be." Federal Rule of Evidence 901(b) gives examples of evidence that satisfy the requirement of Rule 901(a). The most pertinent example is found in Rule 901(b)(5), entitled Opinion About a Voice, which states that an "opinion identifying a person's voice – whether heard firsthand or through mechanical or electronic transmission or recording – based on hearing the voice at any time under circumstances that connect it with the alleged speaker."

5. The Third Circuit has repeatedly upheld trial courts admission of opinion evidence about a speaker's identity pursuant to Rule 901(b)(5). *See United States v. Green*, 40 F.3d 1167, 1173-74 (1994) (affirming trial court's admission of transcripts that included name of defendant based on variety of evidence, including self-identification, identification through nicknames, and surveillance); *Gov't of Virgin Islands v. Martinez*, 847 F.2d 128-29 (3d Cir. 1988) (finding that investigative agent who heard the defendant speak during arrest properly identified defendant's voice on recording); and *United States v. Alper*, 449 F.2d 1223, 1229 (3d Cir. 1971) (holding that voice identification of telephone conversations can be established by circumstantial evidence surrounding call).

6. In *United States v. Ligambi*, 891 F.Supp.2d 709, 717-18 (E.D.Pa. 2012), a defendant moved to exclude tape recordings made by a now-deceased informant due to a "lack of authentication of the voices on the tapes." The trial court denied the defense motion, noting that "Rule 901 allows authentication through a combination of methods, including voice identification, content, and other surrounding circumstances," and explaining "the Government presented both direct and circumstantial evidence [at a hearing] to authenticate the voices on the Stefanelli tapes, including voice identification, surveillance team identification, and self-identification by various participants." *Id.* at 718. The evidence at the hearing included testimony

3

from a former FBI agent and current FBI agent who conducted surveillances and were familiar with the defendants' voices, as well as an FBI agent who conducted surveillance and was familiar with the defendants' nicknames. *Id.* at 718-719.

7. Turning to the present case, at trial the government will present at least one FBI agent and one DEA agent who will be asked to identify the voices of the five defendants who were captured on Target Telephones 1, 2 and/or 3. The underlying factual basis for these government witnesses to identify the voices, and for the Court to admit their identification testimony, will be presented at the pre-trial motions hearing. However, in brief summary, the factual basis includes: (a) the FBI and DEA agents' familiarity with the sound of individual voices, which enabled them to identify who was speaking in a particular call; (b) the FBI and DEA agents' familiarity with nicknames, which enabled them to recognize times when a speaker was self-identifying by using their nickname or responding to their nickname; (c) the content of phone calls, which enabled the FBI and DEA agents to identify the speaker who was using the phone.

8. At the conclusion of the pre-trial motions hearing, the government will ask this Court to enter the attached Order permitting the FBI and DEA agents to identify the voices of the five defendants who were intercepted on Target Telephones 1, 2, and 3.

        Respectfully submitted,

        JENNIFER ARBITTIER WILLIAMS
        *Acting United States Attorney*


        */s Jerome M. Maiatico*
        JEROME M. MAIATICO
        *Assistant United States Attorney*
        *Chief, Narcotics and Organized Crime*


        */s Meaghan A. Flannery*
        MEAGHAN A. FLANNERY
        MATTHEW T. NEWCOMER
        *Assistant United States Attorneys*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| v. | : **CRIMINAL NO. 19-636** |
| **DESHAUN DAVIS, (1)** | : |
| **DWAYNE BUTLER, (2)** | |
| **TYLEEL SCOTT-HARPER, (3)** | : |
| **ISIAH JENIFER, (6)** | : |
| **FREDERICK ROCHESTER, (7)** | |
| **JAMEL COVINGTON, (8)** | : |
| **JOHVON COVINGTON (9)** | |

**O R D E R**

AND NOW, this      day of                  , 2021, after an evidentiary hearing where the government presented evidence establishing a factual basis for FBI Special Agent Robert Lockhart and DEA Special Agent Ethan Rog to identify voices on recordings made in the above-captioned case, it is hereby ORDERED, pursuant to Federal Rule of Evidence 901(b)(5), that the government may ask these witnesses to identify the voices of Deshaun Davis, Dwayne Butler, Tyleel Scott-Harper, and Jamel Covington, on recordings presented at trial.

BY THE COURT:

_____
HONORABLE JUAN R. SANCHEZ
*Judge, United States District Court*

## CERTIFICATE OF SERVICE

I hereby certify that I have caused to be served a true and correct copy of the within motion to permit voice identifications on the following by ECF:

Nino Tinari, Esquire
nino@ntinarilaw.com
*Counsel for Deshaun Davis*

Steve Edward Jarmon, Esquire
sjarmon@lambmcerlane.com
*Counsel for Dwayne Butler*

Andrew Montroy, Esquire
amontroy@gmail.com
*Counsel for Tyleel Scott-Harper*

Rhonda Pantellas Lowe, Esquire
rhonda@rhondaplowe.com
*Counsel for Isiah Jenifer*

Benjamin Cooper, Esquire
bcooperlawyer@gmail.com
*Counsel for Frederick Rochester*

Paul J. Hetznecker, Esquire
phetznecker@aol.com
*Counsel for Jamel Covington*

Michael N. Huff, Esquire
michael.huff.esq@gmail.com
*Counsel for Johvon Covington*

>  */s Meaghan A. Flannery*
>  MEAGHAN A. FLANNERY
>  MATTHEW T. NEWCOMER
>  Assistant United States Attorneys

Date: August 16, 2021